UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK CLAYTON,

                Petitioner,            Case Number: 17-CV-12071
                                          HONORABLE AVERN COHN

v.

SHERMAN CAMPBELL,

                Respondent.

_____/

## MEMORANDUM AND ORDER
## TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS
## TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT

I.

      This is a habeas case under 28 U.S.C. § 2254.  Petitioner Derrick Clayton

(Petitioner) is a state inmate.  He is challenging his 2006 voluntary manslaughter

conviction for which he is serving twelve to forty-five years' imprisonment.  As will be

explained, this is Petitioner's fourth petition challenging his conviction.  Therefore, it will

be transferred to the Court of Appeals for the Sixth Circuit.

II.

      In 2008, Petitioner filed his first petition in this district challenging his 2006

conviction.  The petition was denied with prejudice.  See Clayton v. Lafler, No. 08-12986

(E.D. Mich. Sept. 17, 2009).  The Sixth Circuit denied Petitioner's application for

certificate of appealability.  See Clayton v. Lafler, No. 09-2219 (6th Cir. March 28,

2010).

      In 2012, Petitioner filed a second petition.  The petition was transferred to the

Court of Appeals as a second or successive petition.  See Clayton v. Woods, No. 12-14927 (E.D. Mich. Nov. 19, 2012).  The Sixth Circuit denied permission to file a second or successive habeas corpus petition.  See In re: Derrick Clayton, No. 12-2541 (6th Cir. May 28, 2013).

In 2016, Petitioner filed yet another petition.  The petition was transferred to the Court of Appeals as a successive petition.  See Clayton v. Klee, No. 16-13201 (E.D. Mich. Sept. 21, 2016).  The Court of Appeals declined to authorize the filing of a second or successive petition.  See In re: Derrick Clayton, No. 16-2322 (6th Cir. May 16, 2017).

On June 19, 2017, Petitioner filed this petition.  He claims that he is actually innocent, his trial counsel was ineffective, and the warrant authorizing his arrest was defective.

## II.

The law "requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive application' in district court.  28 U.S.C. § 2244(b)(3)(A)."  In re Stansell, 828 F.3d 412, 414 (6th Cir. 2016), see also Magwood v. Patterson, 561 U.S. 320, 330-31 (2010) ("If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court").  A habeas petition is "second or successive" for purposes of 28 U.S.C. § 2244(b) if the prior petition was decided on the merits.  In re William Garner, 612 F.3d 533, 535 (6th Cir. 2010), citing In re Cook, 215 F.3d 606, 607-08 (6th Cir. 2000).

Here, Petitioner's first habeas corpus petition was denied on the merits.  Thus, this petition is clearly a successive petition requiring prior authorization from the Sixth

Circuit Court of Appeals.

Where, as here, a successive petition is filed in the district court without prior authorization, the district court must transfer the petition to the Court of Appeals under 28 U.S.C. § 1631.  In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

III.

Accordingly, the Clerk shall TRANSFER this case to the Sixth Circuit.

Petitioner's "Motion to Suppress Warrant Application" (Doc. 2), "Motion for Evidentiary Hearing" (Doc. 3); and "Motion to Appoint Counsel" (Doc. 4) are DENIED WITHOUT PREJUDICE.

SO ORDERED.

<u>S/Avern Cohn</u>
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: July 13, 2017
       Detroit, Michigan